**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on April 24, 2009, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: April 24, 2009**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 08-14703 |
| | ) | |
| MICHAEL & ELEANOR KOVACS, | ) | Chapter 7 |
|     Debtors. | ) | |
| | ) | |
| STEVEN S. DAVIS, TRUSTEE, | ) | Adversary Proceeding No. 08-1304 |
|     Plaintiff, | ) | |
| | ) | Judge Arthur I. Harris |
| v. | ) | |
| | ) | |
| MICHAEL KOVACS, *et al.*, | ) | |
|     Defendants. | ) | |

MEMORANDUM OF OPINION[1]

Before the Court is the plaintiff-trustee's motion for summary judgment.

The trustee seeks a denial of the debtors' discharge pursuant to 11 U.S.C. §

727(a)(6)(A) and (a)(2)(B). For the reasons that follow, the motion is granted.

---

[1] This opinion is not intended for official publication.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed, unless noted otherwise. On June 19, 2008, Michael and Eleanor Kovacs filed their chapter 13 petition. Following an order to appear and show cause for failure to file a chapter 13 plan, the debtors filed a voluntary conversion to chapter 7 on July 29, 2008 (Docket #11). Steven S. Davis was appointed trustee, and the meeting of creditors was scheduled for September 8, 2008. At that meeting the trustee requested that the 2003 Harley Davidson (the "Harley") owned by the debtors, or its value, be turned over to him or his agent. He also requested that the debtors obtain appraisals of two other vehicles owned by them and supply him with information regarding a structured settlement that Eleanor Kovacs had received as a result of the death of her father. The debtors surrendered the title to the Harley at the § 341 meeting. The trustee employed Fort Wayne Vehicle Auction, Inc. ("Fort Wayne") as auctioneer for the vehicle. When Fort Wayne arrived at the debtors' residence on September 18,

2

2008, to recover the Harley, it learned that the debtors no longer had possession of it.  The Harley was in the possession of the Willoughby Hills Police Department which had impounded it after debtor-defendant, Michael Kovacs, had an accident while driving under the influence of alcohol.  The Harley was later recovered and sold at auction by Fort Wayne on December 18, 2008.

On September 24, 2008, the trustee filed a Motion for a Fed R. Bankr. P. 2004 examination (Docket #27).  The Motion was granted on September 25, 2008, (Docket #30), and the debtors were ordered to appear at the examination on October 7, 2008.   The Motion and the Order both set forth the specific date, time and place of the 2004 examination.  Copies of the Motion and the Order were sent electronically to the debtors' attorney and by regular U.S. mail to the debtors at their residence at 38313 Poplar Drive, Willoughby, Ohio 22094.  Neither the Motion nor the Order were noted on the docket as returned to the court. On October 7, 2008, the trustee and the debtors' attorney appeared for the 2004 examination.  The debtors did not appear.

On October 16, 2008, the trustee filed a complaint, Adversary Proceeding No. 08-1304, objecting to the debtors' discharge.  On December 15, 2008, the debtors filed what they captioned a "Limited Answer" to the trustee's complaint (Adv. Pro. Docket #13).   On December 19, 2008, the debtors' attorney filed a

3

08-01304-aih    Doc 25    FILED 04/24/09    ENTERED 04/24/09 13:20:13    Page 3 of 12

motion to withdraw as counsel (Main Case Docket #43, Adv. Pro. Docket #17). The motion to withdraw was granted on February 18, 2009, and the debtors proceeded *pro se*. On January 16, 2009, the trustee filed a Motion for Summary Judgment. In his motion, he objected to the debtors' discharge on the grounds that they failed to obey a lawful order of this Court, permitting a denial of discharge pursuant to 11 U.S.C. § 727(a)(6)(A), and that they took actions intended to hinder, delay or defraud the bankruptcy estate, permitting a denial of discharge pursuant to 11 U.S.C. § 727(a)(2)(B).[2]

On March 17, 2009, the debtors filed a handwritten response to the trustee's motion. In their response they did not deny that the Harley was not in their possession on the date scheduled for Fort Wayne to pick it up, and they did not assert that they had not received notice of the 2004 examination. They stated only that the trustee took possession of the Harley, "sold the bike," and that "miscommunication (due to our former lawyer)" was the reason for their failure to appear at the 2004 examination. They apologized for not appearing but gave no reason for not appearing other than "miscommunication." The response was not accompanied by any affidavits or other sworn testimony.

---

[2] Because the Court holds, *infra*, that the discharge is denied pursuant to § 727(a)(6)(A), it is not necessary to analyze the provisions of § 727(a)(2)(B) as applied to this case.

On March 24, 2009, the trustee filed a reply to the debtors' response. In his reply he noted that the lack of support for the allegations in the debtors' response provided a further basis for granting his motion pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56(e)(2). To date, the debtors have not sought to supplement their response.

## SUMMARY JUDGMENT STANDARD

Fed. R. Civ. P. 56(c), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment is not appropriate if a genuine dispute of material fact exists, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242 (1986). The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

5

Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); *see, e.g.*, *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996) (*citing Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970)).

Absent such evidence from the nonmoving party, the Court need not excavate the entire record to determine if any of the available evidence could be construed in such a light. *See In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001) (holding that the "trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact"); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993) (same).

Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its

own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out speific facts showing a genuine issue for trial." If appropriate, summary judgment should be entered against a party who fails to so respond. Fed. R. Civ. P. 56(e)(2); *see also Celotex,* 477 U.S. at 322 (1986) (holding that a court should enter summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). In this case, the trustee correctly points out that the debtors have admitted all material facts. They did not appear at the 2004 examination, as ordered by the Court, and have not presented any evidence by affidavit or other appropriate means to rebut the trustee's claim that they refused to obey a lawful order of the court. Therefore, there are no issues of material fact, and the only remaining issues are those of law.

## DISCUSSION

*11 U.S.C. § 727(a)(6)(A)*

11 U.S.C. § 727(a)(6)(A) provides in pertinent part:

(a) The court shall grant the debtor a discharge, unless -

. . .

(6) the debtor has refused, in the case -

7

> (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

The principle purpose of the Bankruptcy Code is to grant a "fresh start" to the "honest but unfortunate debtor." *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367 (2007) (quoting *Grogan v. Garner*, 498 U.S. 279, 286-86 (1991)).

"On motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). A Rule 2004 examination permits the trustee to inquire into "any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). "The purpose of a Rule 2004 examination is to allow the court to gain a clear picture of the condition and whereabouts of the bankrupt's estate." *Longo v. McLaren (In re McLaren)*, 158 B.R. 655, 657 (N.D. Ohio 1992) (*citing Moore v. Lang (In re Lang)*, 107 B.R. 130, 132 (N.D. Ohio 1989)).

In his complaint, the trustee objects to an entry of discharge for the debtors. Discharges in bankruptcy are favored, *Parker v. Thompson (In re Thompson)*, 383 B.R. 407, 410 (Bankr. N.D. Ohio 2007), and those provisions of the Bankruptcy Code which either deny or revoke a debtor's discharge are to be construed liberally in favor of the debtor and strictly against the party bringing the

action.  *Hunter v. Shoup (In re Shoup)*, 214 B.R. 166, 172 (Bankr. N.D. Ohio 1997).  Any party seeking to deny a debtor's discharge bears the burden of proof to demonstrate, by a preponderance of the evidence, that an exception to the entry of discharge is applicable.  *See* Fed. R. Bankr. P. 4005; *Beaubuoef v. Beaubuoef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992) (*citing Grogan v. Garner,* 498 U.S. 279, 287 (1991)).

Because noncompliance is not the equivalent of a "refusal" to comply, courts have concluded that the mere failure or inability to comply with a court order, by itself, does not warrant a denial or revocation of discharge pursuant to § 727(a)(6)(A).  *Noland v. Johnson (In re Johnson)*, 387 B.R. 728, 749 (Bankr. S.D. Ohio 2008); *Sicherman v. Rivera (In re Rivera),* 338 B.R. 318, 329 (Bankr. N.D. Ohio 2006);  *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 409-10 (Bankr. N.D. Ohio 1999).  Instead, courts require a higher standard of proof such as that needed to demonstrate civil contempt.  *Magack*, 247 B.R. at 410, *see also Rolex Watch, U.S.A., Inc. v. Crowley,* 74 F.3d 716, 720 (6th Cir. 1996) (stating "willfulness is not an element of civil contempt, so the intent of a party to disobey a court order is irrelevant to the validity of a contempt finding").

The Sixth Circuit has held that in order for a party to be held liable for civil contempt the moving party must establish that: "(1) the alleged contemnor had

9

knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the violated order must have been specific and definite." *Hunter v. Watson (In re Watson)*, 247 B.R. 434, 436 (Bankr. N.D. Ohio 2000) (*citing Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)). In the present case, the trustee has established all three of the required elements for denial of discharge under § 727(a)(6)(A).

First, the Motion for Debtors to Appear for Examination under Rule 2004(a), dated September 24, 2008, and the Order on Debtors to Appear for Examination under Rule 2004(a), dated September 25, 2008, were each served by regular U.S. mail on the debtors at their place of residence, 38313 Poplar Dr., Willoughby, Ohio 44094, which is the address the debtors provided to the Court. There is no indication on the docket that such mail was returned as "undeliverable." Further, the debtors acknowledged in their response to the motion for summary judgment that there was a "mis-communication" with their lawyer that caused them to miss "an appearance." Response at 3. This indicates that the debtors were aware of the Order to appear for the 2004 examination.

Second, in their Limited Answer to the trustee's complaint they admit that they failed to appear for the 2004 examination. Limited Answer at ¶1. They also admit that they "failed to obey a lawful Court Order in violation of 11 U.S.C.

10

§ 727(a)(6)(A)." *Id*.

Third, the Order was specific and definite, containing the following sentence:

> IT IS HEREBY ORDERED, pursuant to Rule 2004(a), and the Motion of Steven S. Davis, Trustee herein, that the debtor(s) herein appear for examination on **October 7, 2008,** at **9:30 a.m.**, in the office of Steven S. Davis Co., L.P.A., at 450 Standard Building,1370 Ontario Street, Cleveland, Ohio.

The Order is captioned with the debtors' names, and their case number and was sent to the debtors' residence. In this case, there is no doubt, and no real dispute between the parties, that the trustee has met his burden with respect to these elements.

If the moving party can show each of these elements "the debtor has an obligation to explain [his] non-compliance." *Smith v. Jordan (In re Jordan)*, 521 F.3d 430, 434 (4th Cir. 2008) (*quoting Missouri ex rel. Nixon v. Foster (In re Foster)*, 335 B.R. 709, 716 (Bankr. W.D. Mo. 2006)). Impossibility or inability to comply with the order are valid defenses to an action to deny a discharge under § 727(a)(6)(A). *See Magack*, 247 B.R. at 410. Mere assertions by the debtor are not sufficient, the debtor must provide supporting evidence to explain his noncompliance. *See Magack*, 247 B.R. at 410 (*citing Harrison v. Metropolitan Gov't of Nashville & Davidson County, Tenn.,* 80 F.3d 1107,1112

08-01304-aih    Doc 25    FILED 04/24/09    ENTERED 04/24/09 13:20:13    Page 11 of 12

(6th Cir. 1996)). In this case, the defendants have introduced no evidence of any effort to comply with the court's order, and made no showing of impossibility or inability to comply, and thus have no valid defense to the trustee's charge that they have violated a lawful order of this Court.

Viewing the evidence in a light most favorable to the defendants, there is no genuine issue of material fact, and no valid defense to the trustee's objection to the entry of discharge.

## CONCLUSION

For the foregoing reasons, the Court grants the trustee's Motion for Summary Judgment, and an entry of discharge is denied pursuant to 11 U.S.C. § 727(a)(6)(A).

IT IS SO ORDERED.